UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES STEVEN HORTON,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | Civil Action Number<br>**1:16-cv-08067-AKK** |

## MEMORANDUM OPINION AND ORDER

James Steven Horton, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. 1. For the reasons explained below, Horton's petition is **DENIED**.

### I.  STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive

petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.   PROCEDURAL HISTORY

After Horton pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count I), *see* doc. 10 in case no. 1:11-cr-00446-AKK-JHE, the undersigned sentenced Horton to a term of imprisonment of sixty-eight months and twenty-one days, *see* doc. 16 in case no.

1:11-cr-00446-AKK-JHE. Horton did not file a direct appeal. *See* doc. 1 at 2. As a result, his conviction became final on May 23, 2012.[1] Horton subsequently filed this § 2255 motion on June 10, 2016. Doc. 1 at 12.

### III. ANALYSIS

Horton asks the court to vacate his conviction and sentence in light of *Johnson v. United States*, which declared void for vagueness the portion of the Armed Career Criminal Act ("ACCA") that defined "violent felony" to include offenses that "involve[] conduct that presents a serious potential risk of physical injury to another" comparable to "burglary, arson, or extortion" or an offense that "involves the use of explosives." *See Johnson*, 135 S. Ct. at 2557–60. As the basis for his motion, Horton states that his "sentencing guidelines were 'enhanced' because of a 3rd degree burglary on [his] record," and that "[t]hey said it was considered a 'violent crime,' so [he] got a significant amount more time." Doc. 1 at 4. Indeed, the Presentence Investigation Report reflects a base offense level of 20 pursuant to U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a), because Horton's instant offense occurred subsequent to Horton sustaining one felony conviction of either a

---

[1] When a defendant does not appeal the original judgment of conviction, the judgment becomes final when the time for filing a direct appeal expires. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). The Federal Rules of Appellate Procedure provide that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). In Horton's case, the fourteenth day from May 9, 2012 was May 23, 2012.

3

crime of violence or a controlled substance offense. *See* Presentence Investigation Report at 7. Here, Horton had a prior "crime of violence" conviction for "Burglary, 3rd Degree." *See id.* Therefore, it appears that Horton is arguing for extension of *Johnson* to his sentence, because U.S.S.G. § 2K2.1(a) incorporates the Guidelines definition of "crime of violence" found in § 4B1.2(a) that mirrors the language of the invalidated ACCA residual clause.

Unfortunately for Horton, the Supreme Court has held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Moreover, Horton's prior burglary qualified as a crime of violence under the *enumerated* clause of the Sentencing Guidelines' "crime of violence" definition rather than the *residual* clause. *See United States v. Archer*, 531 F.3d 1347, 1350 (11th Cir. 2008) ("burglary of a dwelling" is one of the crimes enumerated in the Sentencing Guidelines). Therefore, because Horton filed this motion well after the one year period his conviction became final,[2] *see* 28 U.S.C. § 2255(f)(1), and *Johnson* does not extend to enhancements under the Sentencing Guidelines, *see Beckles*, 137 S. Ct. at 895, Horton's motion is untimely and also fails on the merits.

---

[2] Specifically, the conviction became final on May 23, 2012, and Horton did not file this motion until June 10, 2016.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Horton's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, his § 2255 petition is **DENIED**. The clerk is directed to close this file, and to terminate doc. 18 in case no. 1:11-cr-00446-AKK-JHE-1.

**DONE** the 11th day of August, 2017.

*Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE